IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 04-Z-0538 (CBS)

MARK L. TEAGUE,

Plaintiff,

v.

TOWN OF DEL NORTE, COLORADO,

Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

The parties, hereto, Plaintiff acting pro se and Defendant by and through its attorneys, respectively move this Court to enter the following Protective Order:

The parties have disclosed documents which necessitate the use of a protective order because they concern private personnel and financial matters and information regarding individuals who are not parties to the lawsuit that are confidential. All documents subject to this Protective Order will contain a stamp which reads "Subject to Protective Order" or "Confidential."

2. The parties will make available to the other parties documents subject to this Order. The parties agree that the material will only be used for purposes of this litigation and will not be disseminated beyond the attorneys, parties, members of the attorneys' staff, or expert witnesses, in the absence of a stipulation among the parties or order of this Court. The parties and/or attorneys for all parties hereby agree to advise their staff, clients and expert witnesses of the terms of the Protective Order.

3.    To the extent any documents produced under this Protective Order are filed with the Court, the filing party must follow the procedures set forth in D.C.COLO.LCivR 7.3.

4.    Upon termination of this litigation, all originals and copies of the documents produced by the parties under this Protective Order shall be returned promptly to the producing party. Further, each party and/or their counsel will notify any expert witnesses of the existence of this protective order.

5.    All working papers or other documents in the possession, custody or control of the parties and/or parties' counsel relating to the information derived from documents covered by the Protective Order shall be promptly destroyed or sealed and kept confidential by each party's and/or their counsel.

6.    "Nothing contained in this Protective Order shall be deemed to imply that any of the documents produced are relevant to the issues involved in this case, nor that they are not subject to some other objection or privilege.

7.    To the extent that these materials are the subject of a deposition in this case, any documents made an exhibit to a pleading filed with the Court and the portion of the deposition attached as an exhibit to a pleading filed with the Court in which the matter is discussed shall be sealed and shall carry the notation "Confidential. This document is subject to protective order and may not be examined or copied except in compliance with such order.'

8.    The parties agree that dissemination of these documents are limited by the terms of this Protective Order.

9.    The parties agree that prior to designating documents as Confidential Information,

the party designating the document will review the information and only designate if there is a good faith belief that the information is confidential or otherwise entitled to protection.

10.  A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "confidential" to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed within 20 business days of the notice, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential

1  The parties acknowledge that the Court retains the right to alter, amend, or otherwise change this Protective Order The parties, agree, however, that the Order shall remain in effect until further notice is received from the Court.

This Protective Order is hereby executed and made an Order of this Court this 24th day of June, 2005.

BY THE COURT:

*Craig B. Shaffer*
US. Magistrate Judge

_Mark Teague_
Mark Teague (Pro Se)
254 Schlouch Rd.
Mohaton, PA 19540

NATHAN, BREMER, DUMM & MYERS

_Marni Nathan Kloster_
J. Andrew Nathan, Esq.
Marni Nathan Kloster
3900 E. Mexico Ave., Suite 1000
Denver, CO 80210